

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2005

# USA v. Gonzalez

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4814

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"USA v. Gonzalez" (2005). *2005 Decisions.* Paper 1191.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1191

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4814

UNITED STATES OF AMERICA

v.

FAUSTINO GONZALEZ
a/k/a Moyo

Faustino Gonzalez,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 02-cr-00261-7)
District Judge:  Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
March 22, 2005

Before:  RENDELL, FUENTES and SMITH, Circuit Judges.

(Filed: May 16, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Faustino Gonzalez appeals his sentence of 120 months for heroin distribution.  He

argues that, in light of the Sentencing Guidelines, the District Court erred in determining

that his federal sentence should run consecutively to an undischarged state term of imprisonment. In addition, Gonzalez challenges his sentence under *United States v. Booker*, __ U.S. __, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005). He argues that the District Court erred in determining that his interstate travel in aid of drug trafficking involved a total of approximately two kilograms of heroin, and in finding that Gonzalez was not entitled to a reduction for minimal participation. Having concluded that the sentencing issues Appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*.[1] Before doing so, however, we will address the issue raised by Gonzalez regarding whether, under the Guidelines or statute, his sentence should have been concurrent rather than consecutive, so as to provide guidance to the District Court on remand should it wish to rely on the Guidelines in this respect.

## I.

The parties are familiar with the relevant facts. On October 23, 2002, Gonzalez and several other defendants were indicted in the Middle District of Pennsylvania for distribution and possession with the intent to distribute heroin. Gonzalez was specifically charged in the Indictment with incidents alleged to have occurred between September 2000 and February 2002. A Superseding Information was filed charging Gonzalez with two counts of interstate travel in aid of racketeering, occurring between

[1]Turner has not challenged his conviction.

November of 2001 and December 31, 2001 (Count 1) and January 1, 2002 and the end of February of 2002 (Count 2), both in violation of 18 U.S.C. § 1952(a)(3). Gonzalez entered a plea of guilty pursuant to an agreement with the Government.

At his sentencing hearing, Gonzalez objected to three aspects of the pre-sentence report: the quantity of heroin calculated, the District Court's refusal to adjust for downward for his claimed minimal participation, and failure to grant him credit for acceptance of responsibility. The District Court awarded Gonzalez credit for acceptance of responsibility and denied the other objections. Gonzalez was sentenced to 120 months' imprisonment, consisting of two consecutive 60 month terms each for Count 1 and 2. The District Court also determined that the 120 month federal sentence would run consecutively to an undischarged state sentence Gonzalez was currently serving.[2]

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. A District Court's decision to impose a concurrent or consecutive sentence is reviewed for abuse of discretion. *See United States v. Swan*, 275 F.3d 272, 275 (3d Cir. 2002).

## II.

First, Gonzelez contends that it was error for the District Court to impose a consecutive federal sentence because 1) he was serving time for similar state charges and

_____

[2]The state sentence apparently resolved three criminal actions filed against Gonzalez: No. 217-99 for heroin distribution, and Nos. 5717-02 and 5718-02 for the sale of cocaine and possession of a firearm.

2) the Sentencing Guidelines provide the District Court with the authority to impose, and in some cases, require imposition of, concurrent sentences. *See* U.S.S.G § 5G1.3. The Government responds that the underlying conduct between the state and federal sentences was not related, and that U.S.S.G § 5G1.3 similarly allows a sentencing court to impose consecutive sentences.

Not only does § 5G1.3 allow imposition of a consecutive sentence, such sentences are required where "the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment." U.S.S.G § 5G1.3(a). Here, Gonzalez himself, in attempting to refute the level of involvement charged by the government, asserts that "for most of the time period alleged in the [Superseding] Information, Mr. Gonzalez was incarcerated on unrelated state charges." (Appellant's Brief at 7.) However, the record does not provide the precise date(s) of conviction or commencement of sentence for the relevant undischarged term(s) of imprisonment,[3] nor did the District Court make such findings. Therefore, we cannot determine with certainty, despite the strong indication, that Gonzalez was serving a term of imprisonment or had been sentenced to a term but not yet commenced serving during the time period alleged in the Superseding Indictment. Thus we are required to look to

---

[3]It appears that, at the time of sentencing by the District Court, Gonzalez was serving a 5-10 year sentence on state charges and had a pending appeal concerning parole revocation for a 24 month period based on the federal charges underlying this appeal.

4

the remaining sections of § 5G1.3.

Under section 5G1.3(b), where a term of imprisonment resulting "from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense," a district court must credit a defendant with time served on the undischarged term and impose a sentence for the instant offense concurrent to that undischarged term. *See* U.S.S.G § 5G1.3(b)(1) & (2). The government argues correctly that the instant offenses for which Gonzalez was sentenced by the District Court are not related to those that form the basis of his 5-10 year undischarged state term and which involve, *inter alia*, distribution of heroin in 1998, the sale of cocaine in the spring of 2002, and possession of a firearm. The instant offenses involved interstate travel to obtain heroin for Danny Rivera, an individual unrelated to the previous state charges. Therefore, the District Court was not required under § 5G1.3(b) to impose a concurrent sentence.

This leaves us with § 5G1.3(c), the provision allowing a district court to exercise its discretion to impose a concurrent sentence where neither sections 5G1.3(a) or (b) apply. As discussed above, it is not clear section (a) is not applicable; however, assuming it is not, the District Court here was well within the dictates of the Guidelines in imposing consecutive sentences. *See* U.S.S.G. § 5G1.3(c) ("(Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to

5

the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."). Of course, "in the aftermath of *Booker*, the Federal Sentencing Guidelines – once a mandatory regime circumscribing the discretion of district court judges – are 'effectively advisory.'" *United States v. Davis*, 2005 U.S. App. LEXIS 7333, at *2 (3d Cir. Apr. 28, 2005) (quoting *Booker*, 125 S. Ct. at 757).

The relevant statutory authority enumerates only one circumstance under which consecutive sentences are not proper, and it is not applicable here. That statute – 18 U.S.C. § 3584(a)[4] – expressly provides:

> [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Therefore, a district court has discretion to impose either a consecutive or concurrent sentence when a defendant, as Gonzalez was in this case, is subject to an undischarged term of imprisonment. *See United States v. Velasquez*, 304 F.3d 237, 243 (3d Cir. 2002) ("There is often little, if any, discussion in the case law of the fact that section 3584 recognizes the authority of the sentencing judge to impose concurrent or consecutive sentences without dependence on departure provisions in the Guidelines.") And, because the District Court did not sentence Gonzalez consecutively "for an attempt

_____

[4]Section 3584 previously was subject to the Guidelines. *See United States v. Holifield*, 53 F.3d 11, 13 (3d Cir. 1995).

and for another offense that was the sole objective of the attempt," it was within the District Court's discretion to impose consecutive terms of imprisonment. 18 U.S.C. § 3584(a).

### III.

As to the other two sentencing issues raised (namely the heroin quantity and Gonzalez's level of participation) we need not rule as we will VACATE the sentence and REMAND for resentencing in accordance with *Booker*.