[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15129

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 9, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-20827-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL RAFAEL MARISCAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 9, 2006)**

Before BARKETT and WILSON, Circuit Judges, and CONWAY[*], District Judge.

PER CURIAM:

_____

[*] Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

Angel Rafael Mariscal appeals his conviction and cumulative 100 year sentence for seven child pornography counts in violation of 18 U.S.C. § 2251(a), 2260(a), 2251(c)(1)(A), 2251(d), 2252A(a)(1), 2252A(b)(1), and 2252A(a)(4)(B). On appeal, Mariscal argues that the district court erred in denying his motion to suppress evidence and in sentencing him beyond his base guideline offense based on the government's request for upwards departures.

In regard to his motion to suppress, Mariscal argues that the Postal Inspectors who obtained the search warrant in this case lacked the statutory authority for a warrant because 18 U.S.C. § 3061[1] limits the authority of Postal inspectors to serve warrants only to investigations pertaining to the "use of the mails" and does not apply to Federal Express packages. We affirm because there is no question that there existed sufficient evidence that Mariscal was using both the

---

[1] 18 U.S.C. § 3061 provides, in pertinent part, as follows:
(a) Subject to subsection (b) of this section, Postal Inspectors and other agents of the United States Postal Service designated by the Board of Governors to investigate criminal matters related to the Postal Service and the mails may–
    (1) serve warrants and subpoenas issued under the authority of the United States
. . .
(b) The powers granted by subsection (a) of this section shall be exercised only–
    (1) in the enforcement of laws regarding property in the custody of the Postal Service, property of the Postal Service, the use of the mails, and other postal offenses; and
    (2) to the extent authorized by the Attorney General pursuant to agreement between the Attorney General and the Postal Service, in the enforcement of other laws of the United States, if the Attorney General determines that violations of such laws have a detrimental effect upon the operations of the Postal Service

U.S. mail as well as private carriers to transmit child pornography.

With regard to his sentence, Mariscal argues that the district judge erred in sentencing him beyond his base guideline offense. Because Mariscal preserved his Blakely/Booker claim at sentencing, we review for harmless error. United States v. Petho, 409 F.3d 1277, 1279 (11th Cir. 2005). As we have previously stated, "non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.'" United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (citation omitted).

Here, the sentencing judge announced an identical alternative sentence as follows: "[i]n the event that my reliance on the Sentencing Guidelines was erroneous, then as a second alternate sentence to be included in the record, my sentence as to each of these counts, Counts I through VII, would have been the statutory maximum." Consequently, we find any error in sentencing to have been harmless. See Petho, 409 F.3d at 1280 (finding harmless error in sentence of 37 months when judge noted that "the sentence I'm going to impose of 37 months is the same sentence that I would impose if Blakely were applied to the Federal Sentencing Guidelines so that the guidelines were non-binding").

**AFFIRMED.**