

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-28-2008

# USA v. Banks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1934

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Banks" (2008). *2008 Decisions.* Paper 189.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/189

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1934
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00176)
District Judge: Honorable Joy Flowers Conti

_____

Submitted Under Third Circuit LAR 34.1(a)
on October 23, 2008

Before:  RENDELL and SMITH, <u>Circuit Judges</u>,
and POLLAK, <u>District Judge</u>.

Filed: November 28, 2008
_____

OPINION OF THE COURT
_____

_____

 *  Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
    Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

This appeal stems from Frederick Banks's conviction on eight counts of mail fraud, 18 U.S.C. § 1341. Banks challenges his conviction, as well as his sentence, in four assignments of error: first, Banks argues that the District Court failed to ensure a knowing and intelligent waiver of counsel; second, Banks challenges the sufficiency of the second superseding indictment; third, Banks argues that the District Court erred in denying his motions to suppress; and finally, Banks contends that the District Court ordered an unreasonable sentence. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We address each assignment of error separately, and as we write solely for the benefit of the parties, we present only those facts relevant to disposition of the appeal. For the reasons discussed below, we will affirm.

I.

In his first allegation of error, Banks argues that he did not knowingly and intelligently waive counsel because the District Court failed to conduct a sufficient colloquy. Although the District Court asked each of the questions that we enumerated in *United States v. Peppers*, 302 F.3d 120, 136-37 (3d Cir. 2002), Banks contends that the colloquy was insufficient because it was merely a "rote rendition" that failed to further probe Banks's understanding of the risks of self-representation in light of his answers to the initial *Peppers* questions. (Appellant's Br. at 22.) Our review as to waiver of counsel is plenary. *Peppers*, 302 F.3d at 127.

In *Peppers*, we described the "weighty responsibility" that a district court bears to ensure that a defendant's waiver of counsel is knowing and intelligent, stating that "a district court cannot make an informed decision as to the knowing and voluntary nature of a defendant's request to proceed pro se without a thorough inquiry, on the record, to assure itself that the defendant fully apprehends the nature of the charges against him, the perils of self-representation, and the requirements that will be placed upon him." 302 F.3d at 130, 133. To guide in such inquiry, we enumerated fourteen questions that "would prove a useful framework for the court to assure itself that a defendant's decision to proceed pro se is knowing and voluntary." *Id.* at 136-37.

Here, as the District Court inquired as to each of the fourteen *Peppers* questions, engaging Banks when he indicated a lack of comprehension, we are satisfied that the District Court conducted a penetrating and comprehensive colloquy. *Compare id.* at 135 (providing elements of a comprehensive colloquy), *with United States v. Jones*, 452 F.3d 223, 231-34 (3d Cir. 2006) (holding colloquy insufficient for failure to inquire into several of elements enumerated in *Peppers*). Indeed, rather than simply reciting the *Peppers* questions, the District Court specifically underscored the risks attendant self-representation by informing Banks that "a trained lawyer could defend you far better than you could defend yourself," and explaining its reasoning for this conclusion. (App. 142.) While the judge did not probe Banks's response to each *Peppers* question, such probing is only necessary when the defendant exhibits a lack of comprehension. *See Peppers*,

3

302 F.3d at 137 ("Of course, if, during the course of inquiry, it appears that the defendant needs further explanation, or it is evident that the defendant does not comprehend what the court is saying or asking, the court will need to probe further."). Significantly, Banks does not allege that he failed to comprehend any of the *Peppers* questions, that his responses to particular questions warranted additional probing, or that he possessed a limited mental capacity that precluded intelligent waiver of his Sixth Amendment rights. Because the District Court obtained satisfactory responses to each *Peppers* question, providing further explanation when necessary, we conclude that the District Court conducted a sufficiently penetrating colloquy to ensure that Banks knowingly and intelligently waived his right to counsel.

## II.

Banks next challenges the sufficiency of the second superseding indictment. The indictment included the initials, but not the full names, of the mail fraud victims. Banks argues that failure to provide the victims' full names violated his Fifth and Sixth Amendment rights, warranting reversal of his conviction. Typically, our review as to the sufficiency of an indictment is plenary. *Gov't of Virgin Islands v. Moolenaar*, 133 F.3d 246, 247 (3d Cir. 1998) (citation omitted). However, Banks failed to challenge the sufficiency of the indictment in the District Court, and therefore, we must construe the indictment liberally in favor of validity. *See United States v. Cefaratti*, 221 F.3d 502, 507 (3d Cir. 2000) (internal citations omitted).

4

Federal Rule of Criminal Procedure 7(c)(1), effectuating the Sixth Amendment requirement that a defendant be informed of the nature and cause of the accusation, requires that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Accordingly, to assess the sufficiency of an indictment, we consider "(1) whether the indictment 'contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet,' and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Moolenaar*, 133 F.3d at 248 (quoting *Russell v. United States*, 369 U.S. 749, 763-64 (1962)). Under this test, Banks's second superseding indictment is sufficient despite its omission of the victims' full names, as those names – superfluous identifying information – do not constitute elements of the mail fraud offense.[1] *See United States v. Hedaithy*, 392 F.3d 580, 590 (3d Cir. 2004) (quoting *United States v. Antico*, 275 F.3d 245, 261 (3d Cir. 2001)).

Banks argues that our jurisprudence requires an indictment to include "more than just the essential elements of the offense." (Appellant's Reply Br. at 4 (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 127 S.Ct. 702, 709 (2007); *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007))). However, none of the precedents upon which

---

[1]This Court has found the elements of mail fraud to include: "(1) the defendant's knowing and willful participation in a scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) the use of the mails or interstate wire communications in furtherance of the scheme." *Hedaithy*, 392 F.3d at 590 (quoting *Antico*, 275 F.3d at 261).

Banks relies require an indictment for mail fraud to include the full names of victims; instead, the cases cited require that the indictment include only those facts necessary to satisfy the elements of the charging offense. *See Vitillo*, 490 F.3d at 321; *see also Resendiz-Ponce*, 127 S. Ct. at 709 (stating that, for certain offenses, indictments must include specific facts to demonstrate that statutory element is satisfied, rather than "simply restat[ing] the language of the statute"). Here, as victims' names do not establish that an element of the mail fraud offense is satisfied, their inclusion is unnecessary.

Specification of victims' full names is also unnecessary to provide Banks with adequate notice of what to expect at trial, or to avoid re-prosecution for the same offense. As the indictment included a description of Banks's mail fraud scheme, the dates of each fraudulent mailing, and a description of each mail matter, the indictment sufficiently apprised Banks of the factual predicate of the offense. This information also ensured that Banks possessed adequate detail about the charged offense to avoid re-prosecution for an identical crime. Therefore, the indictment's omission of victims' full names did not violate Banks's Sixth Amendment rights.

As to Banks's allegation that omission of the victims' full names violated the grand jury and due process clauses of the Fifth Amendment, "[i]t is well-established that '[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.'" *United States v.*

6

*Vitillo*, 490 F.3d at 320-21 (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). To be valid, "'an indictment must allege that the defendant performed acts which, if proven, constituted a violation of the law that he or she is charged with violating.'" *Hedaithy*, 392 F.3d at 589 (quoting *United States v. Zauber*, 857 F.2d 137, 144 (3d Cir. 1988)). As we have already established that specification of victims' full names is not an element of the mail fraud offense, Banks's allegation of a Fifth Amendment violation for failure to include the victims' full names lacks merit. Accordingly, we conclude that omission of the mail fraud victims' full names from the second superseding indictment does not constitute reversible error.[2]

### III.

In his third assignment of error, Banks argues that the District Court erred in denying his motions to suppress certain evidence, which Postal Service inspectors seized from his car and his home. In general, we review the denial of a suppression motion "for clear error as to the underlying facts, and exercise plenary review as to its legality in light of the court's properly found facts."[3] *United States v. Guinan*, 320 F.3d 452, 458 (3d Cir.

[2]The government also argues that omission of victims' names constitutes harmless error, as discovery requests provided Banks with most victims' names. Because we find no error in the indictment's omission of victims' full names, we need not reach the harmless error issue.

[3]With respect to Bank's second and third assignments of error pertaining to denial of the suppression motions, the government contends "there is room for doubt" that Banks preserved these arguments for appeal, and suggests that plain error review may apply. (Government's Br. at 47 n.10.) Because Banks filed renewed suppression motions and presented argument at a pre-trial conference, which advanced the crux of the second and

2003) (internal citations and quotations omitted).

## A.

First, Banks contends that the District Court erred by failing to hold an evidentiary hearing prior to ruling on his suppression motions. As Banks's motions did not request an evidentiary hearing, and as Banks did not object when the District Court failed to conduct one, Banks did not preserve this issue for appeal. As such, we review the District Court's adjudication of Banks's suppression motions without a hearing for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

We find no plain error, as Banks's motions to suppress did not assert disputed issues of material fact entitling him to an evidentiary hearing. *See United States v. Voight*, 89 F.3d 1050, 1067 (3d Cir. 1996) (stating that, to be entitled to an evidentiary hearing, defendant must assert a "colorable claim" that raises disputed issues of material fact). Banks's motions solely raised legal issues, including the scope of the Postal Service's investigative authority, rather than issues of fact. Therefore, the District Court did not err in adjudicating Banks's motions without an evidentiary hearing.

## B.

Second, Banks argues that Postal Service inspectors exceeded their statutory authority by searching Banks's person and home. 18 U.S.C. § 3061 provides in pertinent

---

third assignment of error– that § 3061(b) limits § 3061(a), and the requirements of § 3061(b) were not met – we find that Banks did preserve his second and third assignments of error, pertaining to denial of the suppression motions, for appeal.

8

part:

> (a) Subject to subsection (b) of this section, Postal Inspectors...
> may–
> (1) serve warrants and subpoenas issued under the authority of
> the United States;
> (2) make arrests without warrant for offenses against the United
> States committed in their presence;
> (3) make arrests without warrants for felonies cognizable under
> the laws of the United States if there are reasonable grounds to
> believe that the person to be arrested has committed or is
> committing such a felony;
> (4) carry firearms; and
> (5) make seizures of property as provided by law.
> (b) The powers granted by subsection (a) of this section shall be
> exercised only–
> (1) in the enforcement of laws regarding property in the custody
> of the Postal Service, property of the Postal Service, the use of
> the mails, and other postal offenses; and
> (2) to the extent authorized by the Attorney General pursuant to
> agreement between the Attorney General and the Postal Service,
> in the enforcement of other laws of the United States, if the
> Attorney General determines that violations of such laws have
> a detrimental effect upon the operations of the Postal Service.

Arguing that § 3061(b)(1) and (b)(2) are conjunctive, Banks contends that a search is only lawful where the requirements provided in *both* subsections are met. Alternatively, Banks argues that even if § 3061(b) is disjunctive, neither of its subsections was satisfied and, therefore, § 3061(a) does not afford a valid basis for the search.

We resolve the statutory interpretation first. "It is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme,'" such that "a court must interpret the statute 'as a symmetrical and coherent regulatory scheme,' and 'fit, if possible, all parts

9

into a harmonious whole.'" *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000).

Here, subsection (b)(1) applies to "the enforcement of laws regarding property in the custody of the Postal Service, property of the Postal Service, the use of the mails, and other postal offenses;" on the other hand, subsection (b)(2) is applicable to "enforcement of *other* laws," the violation of which the Attorney General determines has a detrimental effect upon Postal Service operations. § 3061(b)(1)-(2) (emphasis added). If subsections (b)(1) and (b)(2) were conjunctive, as Banks argues, an inspection would be lawful only if conducted to enforce laws regarding Postal Service property and operations *and* to enforce "other laws" that the Attorney General has determined impair Postal Service operations – an anomalous result. "Congress plainly intended the investigative authority conferred upon postal inspectors to extend to conduct that could reasonably be said to impair the proper operation of the Postal Service," *United States v. Jones*, 13 F.3d 100, 102 (4th Cir. 1993). Because subsection (b)(1) already enumerates specific conduct that impairs Postal Service operations, requiring additional compliance with subsection (b)(2) would be superfluous. Therefore, fitting § 3061(b)(1) and (b)(2) into a harmonious whole, we conclude that § 3061(b) is disjunctive.[4]

---

[4]Although prior case law does not address the issue of whether § 3061(b) is conjunctive or disjunctive, we find that the lack of case law on this issue supports our interpretation, as previous decisions have operated under the assumption that § 3061(b) is disjunctive. *See, e.g., Jones*, 13 F. 3d at 102-03 (holding that postal investigators acted properly under § 3061(a) because defendant's activities constituted a "postal offense" under § 3061(b));

10

Given this interpretation, we next consider whether the requirements of either § 3061(b)(1) or (b)(2) were satisfied. Under § 3061(b)(1), the presence of any one of the four conditions precedent is sufficient to deem the requirements of § 3061(b)(1) satisfied. *See Jones*, 13 F.3d at 102-03 (holding that defendant's "postal offense" satisfied § 3061(b)(1)). Here, Banks's offense satisfied at least one of the § 3061(b)(1) conditions

---

*Murray v. United States*, No. 07-3360, 2008 WL 2622847, *4 (D.N.J. June 30, 2008) ("Postal Inspectors have the authority to serve warrants, make arrests, and seize property under 18 U.S.C. § 3061(a) 'only in the enforcement of laws regarding property in the custody of the Postal Service, property of the Postal Service, the use of the mails, and other postal offenses'" (citing 18 U.S.C. § 3061(b)(1))). As further support, Postal Service regulations omit the word "and" between subsections (b)(1) and (b)(2), suggesting a disjunctive rather than conjunctive approach:

> (b) Limitations. The powers granted by paragraph (a) of this section shall be exercised only--
> (1) In the enforcement of laws regarding property in the custody of the Postal Service, property of the Postal Service, the use of the mails, and other postal offenses. With the exception of enforcing laws related to the mails:
> (i) The Office of Inspector General will investigate all allegations of violations of postal laws or misconduct by postal employees, including mail theft; and
> (ii) The Inspection Service will investigate all allegations of violations of postal laws or misconduct by all other persons.
> (2) To the extent authorized by the Attorney General pursuant to agreement between the Attorney General and the Postal Service, in the enforcement of other laws of the United States, if the Attorney General determines that the violation of such laws will have a detrimental effect upon the operations of the Postal Service.

39 C.R.F. § 233.1 (2007).

11

precedent, as mail fraud plainly consists of "use of the mails."  Therefore, as § 3061(b)(1) was satisfied, the Postal Service inspectors properly exercised investigative authority under § 3061(a).

C.

Banks also argues that the Postal Service inspectors exceeded their investigative authority with respect to the eighth count in the indictment, which consisted of Banks accepting payment, sent via Federal Express, for products never sent to the buyer. Contending that "[t]he interstate predicate for this count was a private courier service," rather than the U.S. mail, Banks argues that Postal Service inspectors lacked authority to investigate under § 3061(a).  (Appellant's Br. at 56.)

We disagree.  Although Banks's victim used Federal Express, Banks used the U.S. mail, on at least two occasions, to communicate with his victim.  As Banks's mail fraud scheme utilized both a third-party carrier as well as the U.S. mail, Postal Service inspectors were authorized to investigate.  *See United States v. Mariscal*, 166 Fed. Appx. 425, 425-27 (11th Cir. 2006) (affirming denial of suppression motion on ground that use of Federal Express in conjunction with U.S. mail constitutes "use of mail" under 18 U.S.C. § 3061(b), such that Postal Service inspectors acted within their authority); *cf. United States v. Dobson*, 419 F.3d 231, 241-42 (3d Cir. 2005) (finding evidence that defendant utilized both U.S. mail and third-party carriers sufficient to affirm mail fraud conviction).  Therefore, we find no reversible error in the District Court's denial of the

12

suppression motions.[5]

IV.

In his final allegation of error, Banks argues that the District Court ordered an unreasonable sentence. First, Banks contends that the District Court improperly applied United States Sentencing Guideline § 2J1.7[6] by failing to identify the specific sentence increment tied to the enhancement. Second, Banks argues that the District Court erred in ordering a consecutive sentence under United States Sentencing Guideline § 5G1.3(c), rather than a concurrent sentence under § 5G1.3(b). Because Banks raises both assignments of error for the first time in this appeal, we review the District Court's sentencing determination for plain error. *See, e.g., United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006); *United States v. Lloyd*, 469 F.3d 319, 325-26 (3d Cir. 2006).

---

[5]The government contends that even if Postal Service inspectors did exceed their authority, no basis for suppressing the evidence seized exists. As we conclude that the inspectors acted within their authority, we need not address the propriety of suppression.

[6]The parties agree that, at the time of Banks's March 2006 sentencing, the applicable U.S. Sentencing Commission Guidelines Manual was the 2005 edition. Accordingly, we refer to § 2J1.7 in the 2005 Guidelines Manual, of which the Commentary provides in relevant part:

> [T]he court, in order to comply with the statute, should divide the sentence *on the judgment form* between the sentence attributable to the underlying offense and the sentence attributable to the enhancement. . . . For example, if the applicable adjusted guideline range is 30-37 months and the court determines "total punishment" of 36 months is appropriate, a sentence of 30 months for the underlying offense plus 6 months under 18 U.S.C. § 3147 would satisfy this requirement.

U.S. Sentencing Guidelines Manual § 2J1.7 (2005) (emphasis added).

A.

As to Banks's first contention – that the District Court did not apportion his sentence pursuant to U.S.S.G. § 2J1.7 – no plain error was committed. We initially observe that the sentencing guidelines are advisory rather than binding. *See United States v. Davis*, 407 F.3d 162, 163 (3d Cir. 2005) (quoting *United States v. Booker*, 543 U.S. 220, 245 (2005)). In any event, Banks's argument is meritless, as the District Court did apportion Banks's sentence at the sentencing hearing:

> . . . the first part of the imprisonment is for the 19 points and the criminal history category, and then there is the additional enhancement for the Section 2J1.7, which brings that from the level of 46 to 57 months up to the 51 to the 63 months. So the Court chose to sentence at the higher end of the sentencing range. . . . So when you add the term for Counts One through Eight, which was being served concurrently, to the term being served under Section 2J1.7, that brings it to a total of 63 months.

(App. 387.) Further, in the judgment form, to which the § 2J1.7 Commentary specifically refers, the District Court again specified the portion of the sentence attributable to the offense and enhancement, respectively:

> Defendant's sentence of 63 months for the eight counts of mail fraud is within the advisory guidelines range, which proscribes (sic) a sentence of 37 to 46 months (which the court found to be 46 months) and which by reason of the defendant's sentence [sic] enhanced pursuant to United States Sentencing Guideline Section 2J1.7 by an increase in the total offense level by three points resulting in the sentence falling within the advisory guideline range of 51 to 63 months (which the court found to be 63 months).

(App. 12.) The sentence increment tied to the enhancement is readily calculated by

14

subtracting from Banks's total sentence – 63 months – the portion linked to the underlying offense – 46 months. No plain error was committed.

B.

The District Court's imposition of a consecutive, rather than a concurrent, sentence also did not constitute plain error. U.S.S.G. § 5G1.3 is no longer binding. *See Booker*, 543 U.S. at 264. Instead, a sentence is reasonable if the District Court considers "the § 3553(a) factors and any sentencing grounds properly raised by parties which have recognized legal merit and factual support in the record." *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006). Here, Banks failed to invoke U.S.S.G. § 5G1.3(b) at his sentencing hearing. Because the District Court was not bound to consider U.S.S.G. § 5G1.3(b), and Banks failed to request its consideration, no plain error was committed.

Further, the District Court's decision to sentence consecutively also was not plainly erroneous. When a defendant is subject to an undischarged term of imprisonment, as was Banks, it is within a district court's discretion to impose a concurrent or consecutive sentence. *See, e.g.*, *United States v. Gonzales*, 133 Fed. Appx. 1, 3 (3d Cir. 2005) (quoting *United States v. Velasquaez*, 304 F.3d 237, 243 (3d Cir. 2002)). The commentary to U.S.S.G. § 5G1.3(c) provides several factors for the court to consider in deciding whether to sentence concurrently or consecutively,[7] yet "[n]othing in the

---

[7]The Commentary to U.S.S.G. § 5G1.3(c) provides in pertinent part:

> Under subsection (c), the court may impose a sentence

15

language [of section 5G1.3(c)] or its Commentary requires district courts to make specific findings with respect to any or all of the factors listed in the Commentary or [18 U.S.C.] section 3553(a)." *United States v. Saintville*, 218 F.3d 246, 249 (3d Cir. 2000) (citation omitted). Here, in deciding to impose a consecutive sentence, the District Court considered the nature and circumstances of Banks's "serious mail frauds," as well as Banks's criminal history, which suggested that his "life is geared to taking money from individuals, devising schemes to deprive individuals of money and then showing no remorse for it." (App. 393.) Next, the court reasoned that a consecutive sentence was the only way to "reflect the seriousness of these very serious mail crimes, the harm that has been caused to the victims," and the only way to "promot[e] respect for the law."

---

concurrently, partially concurrently, or consecutively to the undischarged term of imprisonment. In order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, the court should consider the following:

(i)     the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

(ii)    the type (*e.g.*, determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(iii)   the time served on the undischarged sentence and the time likely to be served before release;

(iv)    the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(v)     any other circumstance relevant to the determination of an appropriate sentence for the instance offense.

U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n.3(A) (2005).

16

(App. 393-94.) Further, the court reasoned that imposing a consecutive sentence was necessary to deter, and protect society from, the Defendant, who had engaged in mail fraud in "three separate instances." (App. 394.) Finally, the court noted that a consecutive sentence would avoid unwarranted sentence disparities, as another court would "have imposed the same sentence," given Banks's history. (App. 396.) Thus, the District Court reasonably exercised its discretion in ordering a consecutive sentence.

## V.

For the reasons set forth above, we will AFFIRM the Judgment and Commitment Order of the District Court on all grounds.