

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2009

# USA v. Banks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4332

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Banks" (2009). *2009 Decisions.* Paper 1823.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1823

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-98** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4332

UNITED STATES OF AMERICA,

Appellant

v.

FREDERICK H. BANKS

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 04-cr-00176)
District Judge:  Honorable Joy Flowers Conti

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2009

Before: BARRY, AMBRO and SMITH, Circuit Judges

(Opinion filed : February 25, 2009)

OPINION

PER CURIAM

Frederick H. Banks was convicted of mail fraud and sentenced in the United States

District Court for the Western District of Pennsylvania to sixty-three months of

imprisonment.  Banks filed a counseled notice of appeal.  While that appeal was pending,

Banks, proceeding pro se, filed in the District Court a "Motion to Correct Sentence Pursuant to Fed. R. Crim. P. 35(a)" and a "Motion to Compel Records Pursuant to the Freedom of Information and Privacy Acts." Shortly thereafter, the government filed a motion to stay the District Court proceedings pending resolution of Banks' direct appeal. By order entered September 25, 2006, the District Court denied Banks' motions and granted the government's motion to stay.[1] Banks appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and can affirm on any basis appearing in the record. See Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

The District Court properly denied Banks' motions. The Rule 35(a) motion was untimely, as it was filed more than seven days after sentencing. See United States v. Higgs, 504 F.3d 456, 463 (3d Cir. 2007) (holding that the District Court must act within seven-day time limit of Rule 35(a)). Furthermore, the District Court did not err in denying Banks' motion, filed in post-conviction proceedings, seeking to challenge the allegedly improper withholding of agency records under the Freedom of Information and Privacy Acts. See 5 U.S.C. § 552(a)(4)(B) (providing the district court jurisdiction, "[o]n

---

[1] The order also denied several pending motions without prejudice, noting that they could be "refiled, if appropriate, after the stay imposed herein is lifted." Those motions were titled "Motion To Strike And Vacate Government Pleadings That Were Not Timely Served On Defendant," "Ex Parte Motion For Unfettered Court Access," and "Motion for Furlough Transfer Between Prisons." We also will affirm this portion of the District Court's order.

2

*complaint*," to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld") (emphasis added); see also North v. Walsh, 881 F.2d 1088, 1094 (D.C. Cir. 1989) (declining to "decide whether FOIA pleas must always be asserted in a *separate* complaint" but holding that the "statutory language . . . clearly requires that the person seeking disclosure of information, after recourse to an administrative process, file *a* complaint to trigger court action.").

Finally, the District Court's order granting the government's motion to stay district court proceedings is not a final order. See Marcus v. Township of Abington, 38 F.3d 1367, 1370 (3d Cir. 1990) ("[s]tay orders are normally not appealable final orders because they merely delay proceedings in the suit."). In any event, the appeal from that order is now moot. Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam) (an action becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (citations omitted). The District Court's order provided that the "case is stayed pending resolution of [Banks' direct] appeal before the Court of Appeals for the Third Circuit." Because we recently affirmed Banks' conviction and sentence, see United States v. Banks, No. 06-1934, 2008 WL 5051991 (3d Cir. Nov. 28, 2008), his challenge to the order staying the proceedings pending our adjudication of his direct appeal has been rendered moot.

Because this appeal presents us with no substantial question, see I.O.P. 10.6, we will summarily affirm.