Frederick BANKS, Petitioner–Appellant

v.

UNITED STATES PAROLE COMMISSION; Bruce Pearson, Warden; Federal Bureau of Prisons, Respondents–Appellees.

No. 10–60429
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 2010.

Frederick Banks, Yazoo City, MS, pro se.

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM: *

Following jury trials, Frederick Banks, federal prisoner # 05711–068, was convicted of mail fraud, criminal copyright infringement, uttering and possessing counterfeit or forged securities, and witness tampering. *United States v. Banks,* 300 Fed.Appx. 145, 147 (3d Cir.2008); *United States v. Vampire Nation,* 451 F.3d 189, 192, 194 (3d Cir.2006). He now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, which raised claims concerning parole eligibility and good-conduct credits. We review the district court's determinations of law de novo and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its findings of facts for clear error. *Free v. Miles,* 333 F.3d 550, 552 (5th Cir.2003). Our review of the record, Banks's brief to this court, and the pertinent law reveals no error in the district court's denial of Banks's § 2241 petition.

Banks first contends that he was entitled to have his good-conduct credits calculated based on the sentence imposed rather than the actual time served. We considered and rejected this claim in *Moreland v. Federal Bureau of Prisons,* 431 F.3d 180, 186–89 (5th Cir.2005), *cert. denied,* 547 U.S. 1106, 126 S.Ct. 1906, 164 L.Ed.2d 583 (2006). Banks contends that *Moreland* does not control here because he is a Lakota Sioux Indian. Banks correctly notes that the Indian canon of construction requires statutes to be construed liberally in favor of the Indians and ambiguous provisions interpreted to their benefit. *See generally County of Yakima v. Confederated Tribes & Bands of Yakima Indian Nation,* 502 U.S. 251, 269, 112 S.Ct. 683, 116 L.Ed.2d 687 (1992). However, we held in *Moreland* that 18 U.S.C. § 3624(b)—the statute that governs the calculation of good-conduct credits—is unambiguous. *See* 431 F.3d at 186. The Indian canon will not allow Banks to sidestep our holding in *Moreland.*

Next, Banks argues that he is entitled to consideration for parole under 18 U.S.C. §§ 4161, 4205, & 4206. However, the Comprehensive Crime Control Act of 1984 repealed each of these provisions effective November 1, 1987. *See* Pub.L. No. 98–473, 98 Stat.2031 (1984). These provisions remain applicable only to persons who committed offenses prior to that date. *See* Pub L. No. 110–312, 122 Stat. 3013 (2008). For federal prisoners convicted after that date, these statutes have been repealed, and parole is unavailable. Banks committed both of the offenses of which he has been convicted after November 1, 1987.

Therefore, he is not entitled to consideration for parole. Banks responds that the Indian canon prohibits statutes from being applied to Indians in a strict manner. However, Congress's unambiguously repealed the parole scheme, and the Indian canon will not interrupt the operation of an unambiguous statute.

In addition, Banks contends that he has a property interest in being considered for parole, that 8 U.S.C. § 1401(b) provides that the granting of citizenship to Indians "shall not in any manner impair or otherwise affect the right of such person to tribal or other property," and that, as a result, the repeal of the statutory parole scheme cannot be applied to him. Banks's contention proceeds from an erroneous premise. He has no property interest in being considered for parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

Banks also contends that the Treaty of Fort Laramie and the Northwest Ordinance entitle him to be considered for parole and to have his good-conduct credits calculated as he requests. Neither enactment is germane to the issues presented in this appeal.

Finally, Banks contends that the district court erred by not considering his claims under the Administrative Procedure Act after it denied his petition for habeas corpus. However, Banks failed to present his claims under the APA to the district court. Consequently, such claims (if any) are waived. *See, e.g., Ntakirutimana v. Reno,* 184 F.3d 419, 429 n. 19 (5th Cir.1999), *cert. denied,* 528 U.S. 1135, 120 S.Ct. 977, 145 L.Ed.2d 929 (2000).

Banks has failed to show that the district court erred by dismissing his § 2241

petition. The decision of the district court is therefore:

AFFIRMED.