ALD-360                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3601
_____

IN RE:  FREDERICK H. BANKS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. Nos. 03-cr-00245 and 04-cr-00176)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 5, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: October 3, 2014)
_____

OPINION
_____

PER CURIAM

        Frederick Banks, proceeding pro se, has filed a petition for a writ of mandamus

challenging proceedings related to the revocation of his supervised release.  For the

reasons set forth below, we will deny the petition.

        In 2004, Banks was convicted of mail fraud, criminal copyright infringement,

money laundering, uttering and possession of counterfeit or forged securities, and witness

tampering.  He was sentenced to 60 months' imprisonment and 36 months of supervised

release.  In 2005, Banks was convicted of eight counts of mail fraud.  He was sentenced

to 63 months' imprisonment, to be served consecutively to the term he was already serving, and 36 months of supervised release. We affirmed the judgments on direct appeal. United States v. Vampire Nation, 451 F.3d 189, 192 (3d Cir. 2006); United States v. Banks, 300 F. App'x 145, 147 (3d Cir. 2008) (non-precedential).

In May 2013, Banks was released from prison. In October 2013, the Government filed petitions in Banks' criminal cases alleging that he had violated the conditions of his supervised release by committing another crime. After a hearing in Banks' second case, the District Court ruled that Banks had violated the terms of his supervised release and sentenced him to 14 months in prison and six months of supervised release. See W.D. Pa. Crim. No. 04-cr-00176, 11/26/13 Judgment. We affirmed. United States v. Banks, 2014 WL 3377685 (3d Cir. July 11, 2014) (non-precedential). In the first case, the District Court stayed any hearing on the Government's petition pending a final judgment in Banks' appeal. See W.D. Pa. Crim. No. 03-cr-00245, 8/5/14 Order.

Banks asserts in his present petition for a writ of mandamus that the violation proceedings initiated in District Court are frivolous. He states that certain allegations made by the Government were later withdrawn. Banks claims that various individuals, including federal court employees and the District Court judges, violated their duties in handling his cases. He asserts, for example, that the warrant for his arrest was not signed. Banks also claims that a Central Intelligence Agency and National Security Association contractor violated his duties when gathering data. Banks seeks an order requiring these

2

individuals "to adhere to their statutory mandates." He also seeks an award of compensation for his confinement.

Mandamus relief is available in exceptional circumstances. In re Baldwin, 700 F.3d 122, 126 (3d Cir. 2012). "We ordinarily may issue 'the writ only to confine inferior courts to their lawful jurisdiction or to compel them to exercise authority when they have a duty to do so.'" Id. (citations omitted). In order to be afforded mandamus relief, Banks must show that he has no other adequate means to attain the relief he desires and that his right to the writ is clear and indisputable. Id. at 127. A writ is not a substitute for an appeal. In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

Banks has not made the requisite showing for mandamus relief. Any challenges to the violation proceedings already held in District Court should have been raised on direct appeal. Any challenges to the pending violation proceedings can be raised in District Court or on appeal.

Accordingly, we will deny the petition for a writ of mandamus.

3