ALD-039                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 16-3461
———————

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                          Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-04-00176-001)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2016

Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: January 5, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Frederick Banks, proceeding pro se, appeals from the District Court's order denying his petition for a writ of error coram nobis. We will summarily affirm. See L.A.R. 27.4; I.O.P. 10.6.

I.

In December 2005, following a jury trial in the United States District Court for the Western District of Pennsylvania, Banks was convicted of eight counts of mail fraud under 18 U.S.C. § 1341. The District Court sentenced him to sixty-three months of imprisonment, followed by thirty-six months of supervised release, in March 2006.[1]

In May 2013, Banks was released from prison and began serving his thirty-six month term of supervision. Three months later, however, he was charged with violating the conditions of his supervised release by committing additional crimes.[2] The District Court revoked his supervised release and sentenced him to fourteen months of imprisonment, followed by six months of supervised release. Banks completed this sentence, including the six-month term of supervision, in May 2015.

---

[1] We affirmed the conviction and sentence. United States v. Banks, 300 F. App'x 145, 147 (3d Cir. 2008). Banks later filed a motion pursuant to 28 U.S.C. § 2255, but the District Court denied relief and we denied his request for a certificate of appealability. United States v. Banks, C.A. No. 12-1336 (order entered Jun. 15, 2012).

[2] In August 2015, a grand jury in the Western District of Pennsylvania returned an indictment charging Banks with interstate stalking, 18 U.S.C. §§ 2261A(2) and 2. The Government later filed a Superseding Indictment charging Banks with wire fraud, id. §§ 1343 and 2; aggravated identity theft id. § 1028A(a)(1); and making false statements, id. § 1001(a)(3).

On April 5, 2016, Banks filed a petition for a writ of error coram nobis in the District Court pertaining to his 2006 sentence for mail fraud. In the petition, Banks claimed that his sentence had been based in part on an alleged prior state-court conviction that had in fact been withdrawn. According to Banks, he was unaware of this sentencing error until his attorney in an unrelated criminal matter obtained his state-court records. Banks complained that, as a result of the sentencing error, he "cannot sit on a jury, hold public office, own a firearm of vote." (Pet. 2, ECF No. 852.) The District Court denied the petition as well as Banks's subsequent request for reconsideration.[3] This appeal followed.[4]

## II.

We have jurisdiction to review the District Court's denial of the petition for writ of error coram nobis pursuant to 28 U.S.C. § 1291.[5] We review legal issues de novo and factual findings for clear error. United States v. Orocio, 645 F.3d 630, 635 (3d Cir. 2011), abrogated on other grounds by Chaidez v. United States, 133 S. Ct. 1103 (2013).

---

[3] In denying Banks coram nobis relief, the District Court recognized that he had actually filed two petitions seeking the writ, and denied the second petition for the same reasons as the first. (Order, 8/12/2016, ECF No. 657.)

[4] In his Notice of Appeal, Banks also seeks review of the District Court's order denying his motion to compel the Government to disclose electronic surveillance. This Court is currently reviewing the District Court's ruling pertaining to Banks's request for surveillance. United States v. Banks, C.A. No. 16-3189.

[5] An appeal from the denial of a coram nobis petition does not require a certificate of

We may summarily affirm the District Court's judgment if an appeal presents no substantial question. See L.A.R. 27.4; I.O.P. 10.6.

Upon review, we agree with the District Court that Banks could not rely on coram nobis to obtain the relief he seeks. Coram nobis has traditionally been used when a petitioner is no longer in custody, but suffers continuing consequences from an unlawful conviction. Baptiste, 223 F.3d at 189; United States v. Stoneman, 870 F.2d 102, 105 (3d Cir. 1989). The purpose of the writ is to correct an unlawful conviction that continues to carry adverse consequences. Baptiste, 223 F.3d at 189. The error that Banks raises here, however, concerns his sentence—not his conviction.[6] A fully satisfied criminal sentence does not carry adverse consequences. See Maciel v. Cate, 731 F.3d 928, 931 (9th Cir. 2013). Therefore, the District court correctly concluded that Banks has not requested an appropriate use for the writ. Nothing in Banks's subsequent motion for reconsideration provided a basis for the District Court to disturb its decision denying relief. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

III.

For the reasons set forth above, this appeal does not present a substantial question. Therefore, we will summarily affirm the District Court's order. See L.A.R. 27.4; I.O.P. 10.6.

_____

appealability. See United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000).

[6] Although Banks notes in his petition that his 2005 conviction was unlawful and asks the District Court to vacate it, he does not assert any errors pertaining to the conviction.

4