NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4594
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-04-cr-00176)
District Judge:  Hon. Joy Flowers Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2014

Before:   RENDELL, CHAGARES, and JORDAN, *Circuit Judges*.

(Filed: July 11, 2014)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Frederick Banks appeals the revocation of his term of supervised release by the

United States District Court for the Western District of Pennsylvania.  We will affirm.

## I.    Background

Banks was convicted of eight counts of mail fraud in December 2005 and sentenced in 2006 to 63 months' imprisonment (to be served consecutively to a separate, already-imposed sentence) and 36 months of supervised release. We affirmed that conviction and sentence. *See United States v. Banks*, 300 F. App'x 145, 147 (3d Cir. 2008). According to the U.S. Probation Office, within three months of his release from prison in May 2013, Banks had committed wire fraud and aggravated identity theft, thus violating the supervised-release condition that he not commit another crime. Probation charged him accordingly, and the District Court, after an extensive violation hearing at which Banks represented himself, revoked his supervised release and sentenced him to 14 months' imprisonment to be followed by six months' supervised release at a community correctional center. This timely appeal followed.

## II.    Discussion[1]

Banks raises three arguments on appeal. First, he contends that the District Court should not have found him competent to represent himself at the violation hearing, in

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We exercise jurisdiction over Banks's appeal pursuant to 28 U.S.C. § 1291. We review the sentencing decision of a district court for abuse of discretion, looking for procedural error and then examining the sentence for substantive reasonableness. *United States v. Negroni*, 638 F.3d 434, 443 (3d Cir. 2011). We review a district court's factual findings regarding competency for clear error. *United States v. Leggett*, 162 F.3d 237, 241 (3d Cir. 1998). For unpreserved issues, however, we review for plain error. Fed. R. Crim. P. 52(b). Acknowledging that the legal landscape in our circuit is unclear as to whether plain-error review applies to unpreserved challenges to competency findings and sentencing procedures, the Government encourages us to so hold. Banks also seems to concede that plain error applies to his competency challenge. But we nevertheless decline the Government's invitation and instead conclude that Banks's arguments are unpersuasive under any standard.

2

spite of his own request to waive his right to counsel and proceed pro se.  Second, he

argues that, because he is incompetent, the Court erred in finding that he possessed the

requisite *mens rea* to commit wire fraud and identity theft.  Finally, he argues that the

Court committed procedural and substantive error in sentencing him because it failed to

take into account his mental illness.[2]  We will address each argument in turn.

Banks's argument that he was not competent to represent himself at the violation

hearing is unpersuasive.  Once a trial court finds that a defendant knowingly, voluntarily,

and intelligently waives the right to counsel, that defendant generally must be permitted

to defend himself at trial.  *Faretta v. California*, 422 U.S. 806, 835-36 (1975).  But, by a

finding that the defendant "understands the nature of the criminal charges against him

and is able to assist in his defense of such charges," *Godinez v. Moran*, 509 U.S. 389, 392

(1993) (internal quotation marks omitted), a trial court must still establish that the

defendant is both competent to stand trial and to represent himself.  That competency

determination is entitled great deference: "[T]he trial judge, particularly one … who

presided over … [the defendant's] competency hearing[] and his … trial[], will often

prove best able to make more fine-tuned mental capacity decisions, tailored to the

individualized circumstances of a particular defendant." *Indiana v. Edwards*, 554 U.S.

164, 177 (2008).

---

[2] It is unclear whether Banks is challenging the procedural or substantive reasonableness of his sentence or both.  Like the government, we will address both issues.  The government interprets Banks's brief to also include an independent sentencing argument concerning the additional term of supervised release.  But Banks makes no such argument, and we therefore will not reach it.

The District Court was well aware of Banks's unusual claims, including his assertion that the government had implanted "Voice to Skull" technology in his head. Prior to Banks's trial on the underlying mail-fraud charges, it had presided over a competency hearing where it allowed him to represent himself, which decision we affirmed on appeal. *See Banks*, 300 F. App'x at 148. Based on its experience in those proceedings, the Court ordered a psychiatric evaluation of Banks prior to the violation hearing. Afterward, it held another competency hearing where the evaluating doctor testified and the Court questioned Banks. The doctor stated that Banks was mentally ill but ultimately able to "waive his right to counsel and proceed pro se … [because h]e has intact cognitive functioning in many respects, especially outside of the area of … electronic harassment[, the subject of his paranoia]." (Supp. App. at 1, 8-9.) The doctor was also satisfied that Banks's mental issues would not render him unable to represent himself, and, notably, Banks's counsel "defer[red] to [the doctor]'s expert report" when asked whether he believed that Banks was competent to waive his right to counsel and proceed pro se. (App. Vol. II at 46.) This finding is in line with the Supreme Court's view that "[m]ental illness … is not a unitary concept … [but] interferes with an individual's functioning at different times in different ways." *Edwards*, 554 U.S. at 175; *see also United States v. Leggett*, 162 F.3d 237, 244 (3d Cir. 1998) (noting that "[i]t does not follow that because a person is mentally ill [that person] is not competent to stand trial" (alterations in original) (internal quotation marks omitted)). After a review of the record, we find that the District Court, which was in the best position to (twice) evaluate

4

Banks's faculties, did not commit clear error in deeming Banks competent after relying on the evaluating doctor's report and testimony.[3]

The District Court also correctly found that Banks possessed the required *mens rea* to commit the crimes constituting his supervised-release violations. Banks's argument either boils down to an insanity defense that he had the burden of proving or an attempt to negate the specific intent related to his crimes. *See United States v. Pohlot*, 827 F.2d 889, 905-06 (3d Cir. 1987) (citing 18 U.S.C. § 17) (approving both insanity defense and negating *mens rea* as valid methods of using mental disease to defend against criminal prosecutions). Because he failed to proffer any evidence of insanity and because the record is devoid of anything to rebut the evidence that his mental condition did not interfere with his capacity for conscious action, his argument fails.

Finally Banks cannot point to any procedural or substantive defect in his sentence. We review sentencing decisions in two steps. First, we "ensure that the district court committed no significant procedural error." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). A common challenge to a sentencing procedure is, for example, to attack the sufficiency of the court's review of the factors enumerated in 18 U.S.C. § 3553(a). *E.g.*, *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). We then review for

---

[3] We note that a defendant charged with violating a condition of supervised release has limited due process rights. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (holding that revocation of parole does not impinge upon "absolute liberty" but only on "the conditional liberty properly dependent on observance of special parole restrictions"); *see also United States v. Manuel*, 732 F.3d 283, 291 (3d Cir. 2013) (holding that "there is no constitutional right to representation by counsel at a parole revocation"). But we need not decide whether a less-stringent process applies for determining whether Banks knowingly waived his right to counsel because even the full panoply of constitutional protections cannot support his argument.

5

substantive reasonableness, looking at "the totality of the circumstances." *Id.* at 567. We will affirm a sentence as substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568. If a sentence is within the range of reasonable alternatives set by the U.S. Sentencing Guidelines Manual, we may apply a presumption of reasonableness to it. *Id.* at 575.

Although Banks concedes that the Court addressed his mental illness prior to imposing sentence, he nonetheless contends that it did not properly consider his condition under 18 U.S.C. § 3553(a). There is, however, nothing in the record to suggest that the Court's § 3553 analysis was procedurally defective. The Court acknowledged that Banks had psychiatric problems but echoed the evaluating doctor's conclusion that it was not "the direct cause of [Banks] engaging in [his] fraudulent activity." (App. Vol. II at 274.) Indeed, it is plain that the Court thoroughly considered all of the § 3553(a) factors in fashioning an appropriate sentence for Banks. That the Court sentenced him within the Sentencing Guidelines' recommended range further indicates the reasonableness of the sentence. Therefore, the District Court did not abuse its discretion.

## III. Conclusion

We will accordingly affirm the District Court's judgment of sentence.

6