NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4542
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,

                                  Appellant

_____

On Appeal from United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-03-cr-00245-001)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2015

Before:  FISHER, JORDAN and SHWARTZ, *Circuit Judges*.

(Filed: June 17, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Frederick Banks appeals the revocation of his term of supervised release and two collateral rulings of the United States District Court for the Western District of Pennsylvania. We will dismiss the appeal in part and affirm in part.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

In 2005, Banks was convicted in the United States District Court for the Western District of Pennsylvania of a series of charges arising from a scheme in which he sold pirated versions of copyrighted software (the "03-245 case"). He was sentenced to sixty months of incarceration and three years of supervised release. We affirmed his conviction and sentence.[1] In 2006, Banks was convicted of a series of mail fraud charges in a separate prosecution in the Western District of Pennsylvania (the "04-176 case"). He received a sentence of sixty-three months of incarceration and three years of supervised release; the terms of incarceration in the two cases ran consecutively, but the terms of supervised release ran concurrently. We affirmed that conviction and sentence as well.[2]

In 2013, after being released from incarceration and beginning his terms of supervised release, the Probation Office filed petitions against Banks in both the 03-245

---

[1] *United States v. Vampire Nation*, 451 F.3d 189 (3d Cir. 2006).
[2] *United States v. Banks*, 300 F. App'x 145 (3d Cir. 2008).

and 04-176 cases alleging that he had committed wire fraud and aggravated identity theft by submitting false financial information and other persons' personal identifying information in four applications to open accounts on a foreign exchange trading website. The commission of a federal crime violated the conditions of his supervised release terms and justified revocation of his supervised release. The District Court stayed the petition in this case, the 03-245 case, while the petition proceeded in the 04-176 case. Banks was found to have violated the conditions of his supervised release in that case, and his supervised release was revoked. Banks was sentenced to fourteen months of incarceration and six months of supervised release at a community correctional center. We affirmed the revocation of his supervised release and his sentence.[3]

The District Court then proceeded to adjudicate the revocation proceeding in this case. Banks waived his right to counsel, and the District Court allowed him to proceed pro se with standby counsel. The parties agreed that the District Court should decide the petition on the record created in the 04-176 case. After considering that record, the District Court found by a preponderance of the evidence that Banks had committed the federal crimes of wire fraud and aggravated identity theft and that Banks's supervised release should be revoked. The court sentenced Banks to time served and no further term of supervised release, although the supervised release term imposed in the 04-176 case would remain in effect. Banks timely appealed.

---

[3] *United States v. Banks*, 572 F. App'x 162 (3d Cir. 2014).

II.

We begin by addressing our jurisdiction to hear this appeal. Under Article III of the Constitution, we only have the power to hear live cases or controversies. A case or controversy must exist at each stage of the litigation, including appellate review.[4] When the revocation of supervised release is challenged, "a litigant who is unconditionally released from custody must show that she will, in fact, suffer collateral consequences from the supervised release revocation to present a live case or controversy."[5]

In this case, Banks received only time served and no further term of supervised release as a result of the revocation of his supervised release. Although Banks is still subject to a term of supervised release, it is in the 04-176 case. Accordingly, because Banks is not subject to a term of custody in this case and he cannot show any collateral consequences from the revocation of this case's term of supervised release,[6] no live case or controversy exists with respect to his challenge to the revocation of his supervised release. Therefore, we must dismiss his appeal to the extent he challenges the revocation of his supervised release.

---

[4] *United States v. Huff*, 703 F.3d 609, 611 (3d Cir. 2013). That the United States did not raise this issue is irrelevant. We must assure ourselves of jurisdiction regardless of whether a party raises it. *See United States v. Weatherspoon*, 696 F.3d 416, 421 (3d Cir. 2012).

[5] *Huff*, 703 F.3d at 612.

[6] Even were this revocation to be vacated, the revocation for the same conduct in the 04-176 case has already been affirmed and is final. Any hypothetical collateral consequences that arose already arose when Banks's supervised release was revoked in the 04-176 case.

However, Banks also challenges two collateral rulings the District Court made in adjudicating the petition to revoke his supervised release. First, he complains that the United States has taken and not returned two cars he purchased, a Ferrari and a BMW. The District Court found that the United States did not possess the Ferrari, and that finding is not clearly erroneous. And Banks did not bring up the alleged taking of the BMW before the District Court, so we will not consider it. Second, Banks complains about the alleged existence of a Foreign Intelligence Surveillance Court warrant for electronic surveillance directed at him. The District Court found that, aside from Banks's uncorroborated assertion, there was no evidence that such a warrant existed, and that finding is also not clearly erroneous.[7]

Therefore, we will dismiss Banks's appeal in part and affirm in part.

---

[7] Banks also attached several documents in this appeal, but none provides a basis for relief. For instance, Banks submits documents that contest the District Court's denial of his request for compensation for having been imprisoned on the basis of a supplemental petition submitted by the Probation Office. This argument is frivolous, as he served no jail time on the basis of the supplemental petition, and in any event, as we have informed Banks at least twice before, he is unable to "assert civil claims for damages in [a] criminal case." *United States v. Banks*, 582 F. App'x 86, 87 (3d Cir. 2014) (per curiam). Banks also attaches a series of documents pertaining to his earlier failed attempts to disqualify the U.S. Attorney's Office from this case. Any effort to appeal rulings on this subject are untimely.