DLD-298                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4673
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,

Frederick Banks,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-04-cr-00176-001)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted on Whether a Certificate of Appealability Should Issue,
Whether the Appeal is Moot, or for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 13, 2015

Before: FISHER, SHWARTZ, and GREENBERG, Circuit Judges

(Opinion filed: August 19, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Frederick Banks appeals the District Court's order denying his motions challenging the revocation of his supervised release. For the reasons below, we will dismiss the appeal as moot.

In 2005, Banks was convicted of mail fraud and was subsequently sentenced to 63 months in prison and three years of supervised release. After Banks was released from prison, the Government sought to revoke his supervised release. Banks proceeded pro se and filed several motions opposing the revocation. After the District Court revoked Banks's supervised release and we affirmed, United States v. Banks, 572 F. App'x 162 (3d Cir. 2014), the District Court dismissed Banks's motions as moot. Banks filed the current appeal. Because Banks's supervised release expired on May 29, 2015, the parties were requested to address whether the appeal is moot. The Government filed a response, but Banks has not.

Pursuant to Article III of the Constitution, a federal court may adjudicate only ongoing controversies or cases. Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). In the motions at issue, Banks challenged the revocation of his supervised release, and his supervised release has now expired. There is no effective relief that we could grant him. See In re Cantwell, 639 F.2d 1050, 1053 (3d Cir. 1981) ("[A]n appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief."). Banks has not argued that there are any collateral consequences caused by the revocation of his supervised release. See Burkey, 556 F.3d at 148 (when a prisoner challenges a sentence that has been served, the appeal is moot unless he can show collateral consequences.)

Accordingly, we will dismiss the appeal as moot. We will deny as moot the Government's motion to dismiss for lack of jurisdiction and need not decide whether to issue a certificate of appealability or to summarily affirm the District Court's order.