DLD-017                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3189
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-03-cr-00245-001)
District Judges:  Honorable Nora Barry Fischer

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2016

Before: CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: November 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Frederick H. Banks appeals the District Court's order denying his motion to compel. For the reasons below, we will summarily affirm the District Court's order.

In 2004, Banks was convicted of mail fraud, criminal copyright infringement, uttering and possession of a counterfeit or forged security, and witness tampering. See United States v. Vampire Nation, 451 F.3d 189, 192 (3d Cir. 2006). His sentence, including a period of supervised release, expired in May 2015. See United States v. Banks, 612 F. App'x 643, 643 (3d Cir. Aug. 19, 2015) (per curiam). In July 2016, Banks filed a "Motion to compel Government to affirm or deny existence of electronic surveillance." The District Court denied the motion. Banks filed a notice of appeal.[1]

In his motion to compel, Banks requested that the Government report to him whether there had been any surveillance that contributed to the indictment in his case. The District Court denied the motion to compel because the criminal proceeding was closed. The District Court did not err in denying the motion. The criminal proceeding is closed, and his sentence has expired. Banks had no pending challenge to his conviction that had reached the stage of entitling him to discovery from the Government.

---

[1] The notice of appeal also included a motion for reconsideration of the Court's denial of the motion to compel. The District Court denied the motion for reconsideration, and Banks has not appealed that denial.

Pursuant to Rule 6 of the Rules Governing § 2255 Proceedings, discovery may be authorized for good cause if the party provides reasons for the request. Thus, even if a challenge to his conviction had reached the discovery stage, Banks did not show good cause for the District Court to authorize discovery. Banks did not point to any evidence used against him at trial which might have involved undisclosed electronic surveillance[2] or explain how the disclosure of any purported surveillance would undermine his conviction; his boilerplate motion provided few details specific to his case.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.

---

[2] Banks was convicted for his selling illegally copied versions of copyrighted software online. In affirming his conviction on direct appeal, we did not mention any evidence used against Banks that might have come from undisclosed electronic surveillance by the Government. Vampire Nation, 451 F.3d at 192-94. The Government's brief on appeal details the evidence against Banks, and none appears to involve undisclosed electronic surveillance. Brief for Appellee, United States v. Vampire Nation, Nos. 05-1715 & 05-3047, 2005 WL 5988328 (3d Cir. 2005).