DLD-047                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3460
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                                Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2:03-cr-00245-001)
District Judge: Honorable Nora Barry Fischer
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

November 17, 2016
Before: CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: December 5, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Frederick H. Banks appeals the District Court's order denying his petition for a writ of error coram nobis. We will summarily affirm.

In 2004, Banks was convicted of mail fraud, criminal copyright infringement, uttering and possession of a counterfeit or forged security, and witness tampering. See United States v. Vampire Nation, 451 F.3d 189, 192 (3d Cir. 2006). In August 2016, Banks filed a "Petition for Writ of Error Coram Nobis" in his since-closed criminal case in the District Court, after his sentence had been completed and after his term of supervised release had expired. The District Court denied the petition, and Banks filed a notice of appeal.[1]

The District Court did not err in denying the petition. A writ of error coram nobis challenges allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer "in custody" for purposes of a motion to vacate under 28 U.S.C. § 2255. United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir. 1989). A petitioner must show that he is suffering from continuing consequences of the allegedly invalid conviction. Id. at 106. Use of the writ is appropriate to correct errors for which there was no remedy available at the time of trial, and where sound reasons exist for failing to seek relief earlier. Id. Coram nobis is an extraordinary

---

[1] The notice of appeal also included a motion for reconsideration of the District Court's denial of the petition. The District Court denied the motion for reconsideration, and Banks has not appealed that denial.

remedy, and the alleged error must go to the jurisdiction of the trial court, thus rendering the trial itself invalid.  Id.

Banks has not shown that there was no remedy available at the time of trial for any of the purported errors that he raised, or that there were sound reasons for failing to seek relief earlier.  The only point raised by Banks that at all concerns the timing of a purported error involves a Supreme Court case that was decided after his trial.  See Rosemond v. United States, 572 U.S. ____, ____, 134 S. Ct. 1240, 1243 (2014) (holding that for a defendant to be found guilty of aiding and abetting under 18 U.S.C. § 924(c), the government must prove that the defendant "actively participated in the underlying . . . crime with advance knowledge that a confederate would use or carry a gun during the crime's commission.").  Even if Rosemond might have applied to Banks' convictions, nothing in the record indicates, and Banks does not show, that Banks was unable to make arguments concerning accomplice liability during his trial.  Cf., e.g., Montana v. Cross, 829 F.3d 775, 777 (7th Cir. 2016) ("Our earlier interpretation of the statute did not preclude [the defendant] from raising the issue.").  Moreover, Banks has not shown that any of the errors he raised implicated the trial court's jurisdiction.

Under these circumstances, the District Court properly denied the petition for a writ of error coram nobis.  Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4; Third Circuit I.O.P. 10.6. For the above reasons and for the reasons set forth in the District Court's Order, we will summarily affirm the District Court's judgment on Banks' petition.

3

Finally, Banks' notice of appeal makes a reference to mandamus relief. Because Banks has set forth no basis for mandamus relief, and because the ordinary appeals process is sufficient to resolve this case, we decline to treat his notice of appeal as a mandamus petition and we will take no further action on it. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).