CLD-184                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1018
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-03-cr-00245-001)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 6, 2017
Before: SHWARTZ, NYGAARD, and FISHER, Circuit Judges

(Opinion filed: April 11, 2017)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Frederick Banks appeals pro se from the District Court's December 16, 2016 order denying his petition for a writ of error coram nobis. For the reasons that follow, we will summarily affirm.

In 2005, the District Court sentenced Banks to an aggregate term of sixty months' imprisonment and three years' supervised release following his convictions for mail fraud, criminal copyright infringement, uttering and possession of a counterfeit or forged security, and witness tampering. His conviction was affirmed on direct appeal. See United States v. Vampire Nation, 451 F.3d 189 (3d Cir. 2006). A subsequent motion to vacate sentence pursuant to 28 U.S.C. § 2255 was denied, and we denied a certificate of appealability (COA). See C.A. No. 06-3671.

In May 2013, after serving a consecutive sentence on additional charges of mail fraud in a separate criminal proceeding at W.D. Pa. Cr. No. 2-04-cr-00176-001, Banks was released from custody into the supervision of the U.S. Probation Office. In October 2014, the District Court determined that Banks had violated the terms of his supervised release by committing wire fraud and aggravated identity theft.[1] Banks' supervised release was revoked and he was sentenced to time served, with no additional term of supervised release. We dismissed Banks' appeal, for lack of a case or controversy, to the

---

[1] The District Court relied on the fact finding by Chief Judge Conti who determined, after contested violation proceedings, that Banks' conduct had violated the terms of his supervised release stemming from the 2004 criminal proceeding. In a Judgment for Revocation of Supervised Release, Banks was sentenced to 14 months' imprisonment and six months of supervised release. We affirmed the revocation of his supervised release and his sentence. See United States v. Banks, 572 F. App'x 162 (3d Cir. 2014).

2

extent that he sought to challenge the revocation because he was no longer subject to a term of custody and could not show any collateral consequences stemming from the revocation in this matter. See United States v. Banks, 618 F. App'x 82, 84 (3d Cir. 2015). On December 16, 2016, Banks filed a coram nobis petition with the District Court.[2] The petition was denied the same day, and this appeal ensued.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] In reviewing a district court's denial of coram nobis relief, we apply a de novo standard to that court's legal conclusions and examine its factual findings for clear error. See Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012). We may take summary action if this appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

We agree with the District Court that Banks is not entitled to this extraordinary relief . "[A] writ of error coram nobis may be used to attack allegedly invalid convictions which have continuing consequence, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." Mendoza, 690 F.3d at 159 (internal quotation marks omitted). In his petition, Banks seeks to attack his revocation proceedings, not the underlying convictions in this matter. Because we have previously determined that there are no collateral consequences stemming from the revocation in this matter, he cannot satisfy this threshold eligibility requirement for coram nobis relief.

---

[2] Banks filed an earlier coram nobis petition in August 2016. The District Court denied that petition, and we summarily affirmed that denial. See United States v. Banks, 665 F. App'x 138, 140 (3d Cir. 2016) (per curiam).
[3] Banks does not need a certificate of appealability to proceed with this appeal. See United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000) (per curiam).

3

Although he contends that he continues to suffer consequences from this revocation, he identifies only those which stem from the underlying convictions.

Because Banks' challenge to the District Court's denial of coram nobis relief presents no substantial question, we will summarily affirm the District Court's order.