**ALD-287**                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1723
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-03-cr-00245-001)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6 and Whether a Certificate of Appealability Should Issue
June 22, 2017

Before: MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed July 20, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Frederick Banks appeals the District Court's order denying his motion to vacate a prior order and reopen his case. For the reasons below, we will summarily affirm the District Court's order.

In 2004, Banks was convicted of mail fraud, criminal copyright infringement, uttering and possession of a counterfeit or forged security, and witness tampering. See United States v. Vampire Nation, 451 F.3d 189, 192 (3d Cir. 2006). He was sentenced to 60 months in prison and 36 months of supervised release. After serving his prison sentence, Banks began to serve his supervised release.

By order entered October 29, 2014, the District Court determined that Banks's supervised release was subject to revocation because he had committed wire fraud and aggravated identity theft. It also denied a motion to compel that Banks had filed, rejecting his arguments that he was subject to a warrant issued pursuant to the Foreign Intelligence Surveillance Act (FISA). See 50 U.S.C. § 1801 et seq. The District Court noted that the Government had not sought to introduce any evidence from a FISA warrant and there was no evidence any such warrant existed. Banks was subsequently sentenced to time served.

Banks appealed. We affirmed the denial of the motion to compel and concluded that the District Court's finding that there was no evidence of a warrant was not clearly erroneous. United States v. Banks, 618 F. App'x 82, 84 (3d Cir. 2015). We also noted that, at the time of his appeal, Banks was no longer in custody for that conviction. Id.

2

On March 17, 2017, Banks filed a "Motion to Vacate Court Order Denying Oral Motion for FISA Electronic Surveillance (October 29, 2014) and to Reopen Case." The District Court denied the motion, and Banks filed a notice of appeal.

The District Court has already addressed the issue of whether there was a FISA warrant, and we affirmed its denial of the motion to compel. Citing to a civil case in which a motion based on Fed. R. Civ. P. 60(b)(3) was granted, see Lonsdorf v. Seefedlt, 47 F.3d 893, 897 (7th Cir. 1995), Banks argues that the District Court can vacate an order based on misrepresentations. However, even if Federal Rule of *Civil* Procedure 60(b)(3) could be applied to criminal cases, Banks's motion would be untimely. A motion made pursuant to Rule 60(b)(3) must be made no more than one year after entry of the order at issue. Here, Banks filed his motion in March 2017 and seeks to vacate an order from October 2014. Moreover, even if the Rule 60(b)(3) motion were timely and appropriate, or if some other kind of motion were viable, Banks has alleged no misrepresentations that would support vacating the District Court's order.

Banks requests that we construe his notice of appeal as a petition for a writ of mandamus. We decline to do so. Banks has already unsuccessfully requested evidence regarding purported FISA warrants and electronic surveillance. He has not demonstrated a clear and indisputable right to mandamus relief. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm

3

the District Court's order.  <u>See</u> Third Circuit I.O.P. 10.6.  To the extent that a certificate of appealability is necessary, we decline to issue one.