BLD-062                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2874
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-03-cr-00245-001)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2017

Before:  AMBRO, RESTREPO and NYGAARD, Circuit Judges

(Opinion filed: December 5, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Frederick Banks appeals the District Court's order denying his motion for the appointment of counsel. For the reasons below, we will summarily affirm the District Court's order.

In 2004, Banks was convicted of mail fraud, criminal copyright infringement, uttering and possession of a counterfeit or forged security, and witness tampering. See United States v. Vampire Nation, 451 F.3d 189, 192 (3d Cir. 2006). His sentence, including a period of supervised release, expired in May 2015. See United States v. Banks, 612 F. App'x 643, 643 (3d Cir. Aug. 19, 2015) (per curiam). In August 2017, Banks filed a motion to appoint counsel in his closed criminal case. Banks asserted that the District Court, in another ongoing criminal case against Banks, had declared that he was incompetent. Thus, Banks argued, he was entitled to the appointment of counsel pursuant to Fed. R. Civ. P. 17(c)(2) (providing for appointment of guardian to protect incompetent person). The District Court denied the motion, and Banks filed a notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. See Isidor Paiewonsky Assoc. v. Sharp Props., Inc., 998 F.2d 145, 149-50 (3d Cir. 1993) (post-judgment orders are final and immediately appealable).

The District Court did not err in denying Banks's motion. The criminal proceedings at issue here were completed years ago, and Banks has finished serving his sentence. He has no active challenge to this criminal conviction that has reached a stage where the appointment of counsel would be necessary. Nor does the finding of incompetency by the District Court in Banks's active criminal case, where he is represented by counsel, entitle him to the appointment of counsel to challenge closed

2

criminal cases.  In any event, to the extent that the Federal Rules of Civil Procedure apply

to a closed criminal proceeding, Rule 17(c)(2) addresses the appointment of a *guardian*,

not an attorney.

For the above reasons, we will summarily affirm the District Court's order.