CLD-050                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2770
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2:03-cr-00245-001)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 29, 2021

Before:  AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: January 5, 2022)

_____

OPINION[*]

_____

PER CURIAM

Frederick Banks appeals pro se from the District Court's order denying his petition

for a writ of error coram nobis. For the following reasons, we will summarily affirm.

In October 2004, following a jury trial in the United States District Court for the

Western District of Pennsylvania, Banks was convicted of mail fraud, copyright

infringement, and related offenses. We affirmed. See United States v. Vampire Nation,

451 F.3d 189, 192 (3d Cir. 2006). The District Court later denied Banks's motion under

28 U.S.C. § 2255, and we denied him a certificate of appealability. United States v.

Banks, C.A. No. 06–3671 (order entered Dec. 17, 2007). Since then, Banks has filed

dozens of other motions and petitions in the District Court challenging his 2004

convictions, and those filings have generated numerous unsuccessful appeals. Banks has

now completed serving his sentence and term of supervised release for the convictions in

question. See United States v. Banks, 618 F. App'x 82, 83–84 (3d Cir. 2015).

At issue here is Banks's August 2021 petition for writ of error coram nobis, in

which he asserted that the District Court lacked jurisdiction to try him because: (1) the

indictment did not allege the requisite mens rea element for one of the charged offenses;

(2) there was no grand jury empaneled at the time subpoenas were issued; and (3) those

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

subpoenas were served by fax and email. The District Court denied Banks's petition and he timely appealed. The Government has moved for summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review over legal issues arising from the denial of coram nobis relief. See United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam). We may take summary action if an appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

A petitioner seeking a writ of coram nobis must, inter alia, assert an error of a fundamental kind that had no remedy at the time of the criminal proceeding. Ragbir v. United States, 950 F.3d 54, 62 (3d Cir. 2020). A fundamental error is one that undermines the jurisdiction of the trial court and invalidates the proceeding. Id. at 63. The Supreme Court has noted, "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal alteration and quotation marks omitted).

Banks asserted in his motion that the District Court lacked jurisdiction to try him due to various alleged defects in the indictment and irregularities with the grand jury. Even if Banks's allegations were true, they would not constitute jurisdictional defects. See United States v. Cotton, 535 U.S. 625, 630–31 (2002) (holding that a defect in an indictment does not deprive a court of jurisdiction). Moreover, as the District Court correctly noted here—and has told Banks repeatedly—because remedies for these purported errors existed earlier in his proceedings, coram nobis relief is not available to him now. See Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (explaining

3

that the writ of error coram nobis is appropriate only when sound reasons exist for failing to seek relief earlier).

Accordingly, we conclude that this appeal presents no substantial question, grant the Government's motion, and will summarily affirm the District Court's order.