ALD-111                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1017
_____

FREDERICK H. BANKS,
Appellant

v.

WARDEN FORT DIX FCI; WARDEN ALLENWOOD FCI LOW
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 21-cv-01215)
District Judge:  Honorable Christopher C. Conner
_____

Submitted on Appellees' Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2022
Before:  JORDAN, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 18, 2022)
_____

OPINION[*]
_____

PER CURIAM

Frederick Banks appeals from the District Court's order denying his petition filed

pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will summarily affirm the

District Court's order.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2006, Banks was sentenced to 63 months in prison and 36 months of supervised release after being convicted of multiple counts of mail fraud. Shortly after he was released from prison in 2013, the District Court revoked his supervised release because it found that Banks had committed wire fraud and aggravated identity theft. He was sentenced to 14 months in prison and 6 months of supervised release at a community correctional center. We affirmed the revocation of supervised release. See United States v. Banks, 572 F. App'x 162, 163 (3d Cir. 2014). Banks's supervised release expired in May 2015. See United States v. Banks, 612 F. App'x 643, 643 (3d Cir. 2015).

In August 2015, Banks was arrested, and, in 2020, he was convicted of wire fraud and aggravated identity theft. He is currently serving 104 months in prison for those convictions. In 2021, he filed a § 2241 petition in which he alleged that the Bureau of Prisons had failed to apply a 20-month prior jail credit from 2013. He contended that he was entitled to credit on his current sentence for the time served on the violation of supervised release because the violation was based on the same conduct as his recent convictions. The District Court determined that Banks had failed to exhaust his claims and that his claims were without merit. Banks filed a notice of appeal and his brief on appeal, and the Government has filed a motion for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We need not address whether Banks exhausted his claims because we agree that they are without merit.

2

The District Court correctly determined that Banks was not entitled to any prior custody credit because he received credit for the time at issue towards his sentence for violating his supervised release. As explained by the District Court, under 18 U.S.C. § 3585(b) a defendant can only receive credit towards a federal sentence for prior custody "that has not been credited against another sentence." Here, the 20 months of time that Banks seeks credit for were already credited towards another sentence.

In his brief, Banks argues that 18 U.S.C. § 3584(a) requires that terms of imprisonment for attempt crimes run concurrently. That statute, however, provides that a term of imprisonment for an attempt crime must run concurrently with a term of imprisonment for an offense that was the sole objective of the attempt. That is not the situation here. Rather, Banks seeks credit for a term of supervised release based on conduct that also led to a new conviction and sentence.

Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. LAR 27.4. For the reasons set forth above, we grant the Government's motion and will summarily affirm the District Court's December 17, 2021 order. See 3d Cir. I.O.P. 10.6.